Eric D. Houser (SBN 130079)
Alyssa G. Reyes (SBN 361410)
HOUSER LLP
9970 Research Drive
Irvine, CA 92618
Ph: (949) 679-1111
Fax: (949) 679-1112
ehouser@houser-law.com

Attorneys for Plaintiff,
Watson Land Company

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WATSON LAND COMPANY, a California corporation,<br><br>Plaintiff,<br><br>V.<br><br>LMD INTEGRATED LOGISTICS SERVICES, INC, and DOES 1-25, INCLUSIVE,<br><br>Defendants. | CASE NO.:<br><br><br>**COMPLAINT FOR BREACH OF CONTRACT** |

Plaintiff WATSON LAND COMPANY ("Plaintiff" or "Watson"), by and through its undersigned counsel, as and for this Complaint against Defendants LMD INTEGRATED LOGISTICS SERVICES, INC ("LMD") and DOES 1 through 25, inclusive, (each a "Defendant" and collectively, "Defendants"), states and alleges as follows:

/ / /

## INTRODUCTION

1. Watson and LMD entered into a written lease agreement that was amended two times extending the lease term through November 30, 2028.

2. LMD breached the lease agreement when they vacated the premises on or about November 28, 2025, with three (3) years remaining on the Lease, and by failing to pay the rents due on December 1, 2025.

## JURSDICTION AND VENUE

3. Original jurisdiction of this Court arises under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states.

4. Watson's claim against LMD exceeds $75,000.00.

5. This Court has personal jurisdiction over LMD because it has sufficient minimum contacts within the State of California and/or because LMD, by the acts described herein, has purposefully availed itself of the privilege of conducting activities within the State of California.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the facts giving rise to the acts or omissions alleged herein took place in this District.

7. Venue is also proper in this District pursuant to 28 U.S.C. §§ 1391(c)(2) because Defendants are business entities subject to this Court's personal jurisdiction.

## THE PARTIES

8. Watson is a California corporation with its principal place of business in Carson, California. Watson is a developer/owner of commercial and industrial properties.

9. At all times herein mentioned, Watson was and is qualified to do business in the City of Carson, State of California.

10. Defendant LMD Integrated Logistics Services, Inc. is a corporation organized under the laws of the State of Delaware, with operations in Rancho Dominguez, California.

11. The true names or capacities, whether individual, corporate, associate or otherwise, of the Defendants named in this Complaint as Does 1 through 25, inclusive, are not known to Watson who therefore sues said Defendants by such fictitious names under the provisions of Section 474 of the California Code of Civil Procedure. Watson is informed and believes, and thereon alleges that Defendants DOES 1 through 25, inclusive, claim a right to possession of the premises against Watson. Watson will amend this Complaint to allege their true names and capacities when ascertained.

12. Watson is informed and believes, and thereon alleges that each of the defendants is, and at all times mentioned, was, the agent and employee of each of the remaining defendants, and in doing the things alleged, was acting within the scope of such agency and employment. Watson is informed and believes, and thereon alleges that each of the defendants ratified, approved and accepted the benefits of acts of each of the remaining defendants with full knowledge of the nature and effect of such acts.

## FACTUAL ALLEGATIONS

13. On or about October 15, 2015, Watson entered into a written lease agreement titled Single Tenant Industrial Lease with LMD for the Premises ("Original Lease"). A copy of the Original Lease is attached as **Exhibit "1."** The Original Lease was for a term of eighty-five (85) months beginning on November 1, 2015, and ending on November 30, 2022.

14. On or about March 17, 2022, Watson and LMD entered into a First Amendment to Lease ("First Amendment"). A copy of the First Amendment to Lease is attached as **Exhibit "2."** The First Amendment extended the term for a period of sixty (60) months beginning on December 1, 2022, and ending on November 30, 2027.

15. On or about March 24, 2025, Watson and LMD entered into a Second Amendment to Lease ("Second Amendment"). A copy of the Second Amendment to Lease is attached as **Exhibit "3."** The Second Amendment extended the term for a period of seventy-two (72) months to end on November 30, 2028, rather than the sixty (60) months as originally provided in the First Amendment.

16. The Original Lease, First Amendment and Second Amendment are referred to as the "Lease."

17. The Lease relates to the real property commonly described as Watson Building Number 101, located at 22301 South Bonita Street, Carson, California ("Premises"). The Premises is comprised of a 72,000 square foot commercial industrial building, Truck Yard Area and Automobile Parking Area.

18. The Lease had a fixed term with an expiration date of November 30, 2028.

19. On or about November 28, 2025, LMD vacated the Premises even though three (3) years remained on the Lease and a rental payment was due December 1, 2025, and each month thereafter for the remaining terms of the Lease. A copy of LMD's Account Statement with the past due amount and future contractual amounts due under the Lease is attached as **Exhibit "4."**

## FIRST CLAIM FOR RELIEF

### (Breach of Contract Against All Defendants)

20. Watson realleges and incorporates by referenced paragraphs 1 through 19

as fully set forth herein.

21. The Lease is a binding written agreement between Watson and LMD.

22. By the terms of the Lease, LMD is required to continue the lease through November 30, 2028, and pay the rents that come due starting on December 1, 2025, and continuing through the remaining term of the Lease.

23. LMD has breached the lease by prematurely vacating the Premises on November 28, 2025, and by failing to pay the rents starting on December 1, 2025, and continuing through the remaining term of the Lease.

24. Watson has complied with and performed all terms under the Lease.

25. The past due amount on the Lease as of December 11, 2025, is $132,816.83 as set forth in **Exhibit "4"** attached.

26. The total lost contractual rental value for LMD's breach of the Lease is the approximate amount of $4,293,064.77 as set forth in **Exhibit "4"** attached.

27. Section 15.2.3 of the Lease provides that, in the event that LMD defaults on the Lease, Watson has that right to continue the Lease in effect and enforce all of its rights and remedies under the Lease, including but not limited to the right to recover rent and charges equivalent to rent as they become due under the Lease.

28. Section 15.2.4 of the Lease provides that, in the event that LMD defaults on the Lease, Watson has the right to seek any legal or equitable relief permitted by law.

29. Section 15.4 of the Lease provides that, in the event that LMD breaches the Lease and abandons the Premises, the Lease continues in full force and effect and Watson may enforce all of its rights and remedies under the Lease, including but not limited to the right to recover rent and charges equivalent to rent as they become due under the Lease.

30. Section 18.1 of the Lease provides that in the event an action or proceeding is brought to enforce any provision of the Lease, the losing party shall pay the successful party a reasonable sum for attorneys' fees and costs.

31. Section 24.2 of the Lease provides that in the event Tenant shall default at any time prior to the end of the term, Watson may apply all or any portion of the security deposit in payment of Watson's costs, expenses, damages, real estate broker's commissions, and attorneys' fees in enforcing the terms, covenants, conditions and provisions hereof.

32. Watson has incurred damages because of LMD's failure to pay rent and vacating the Premises in the approximate amount set forth in **Exhibit "4"** attached.

33. As a result of LMD's acts as alleged herein, Watson has incurred, and will continue to incur, attorneys' fees and costs in an amount according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Watson prays for the following relief:

1. For damages in the amount of $132,816.83 for the current amount due on the Lease as of December 11, 2025;

2. For damages in the approximate sum of $4,293,064.77, together with interest thereon at the Lease Interest Rate (as defined in the Lease) from and after the dates due for reasonable rental rate of the remainder of the Lease, less the $130,882.30 security deposit held by Watson and applied to fees incurred by LMD's Lease breach;

3. For damages pursuant to the Lease for Watson's costs to find a new tenant in an amount to be determined;

4. For attorneys' fees per the Lease;

5. For costs of suit incurred herein; and

6. For such other and further relief as the Court may deem just and proper

DATED: December 16, 2025         **HOUSER LLP**

  /s/ *Alyssa G. Reyes*
Eric D. Houser
Alyssa G. Reyes
Attorneys for Plaintiff,
Watson Land Company